## SCHOFIELD *v.* STATE OF INDIANA.

[No. 13,578.   Filed March 27, 1929.]

*A. E. Gore,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

MCMAHAN, P. J.—This is a prosecution against appellant for maintaining a common nuisance, a place where intoxicating liquors were sold, etc., in violation of Acts 1917 p. 17, §20, §8356t Burns' Supp. 1921.   The prosecution was commenced in July, 1924, in the city court of the city of Evansville, where, upon a plea of guilty, appellant was fined $250, and committed to the Indiana State Farm for a period of ninety days.   Appellant appealed to the circuit court, where, upon a plea of not guilty, he was tried by jury and found guilty, his

punishment being fixed at a fine of $500 and imprisonment in the county jail thirty days. The errors assigned in this court are that the court erred: (1) In overruling appellant's motion for a new trial; and (2) in overruling his motion in arrest of judgment.

Appellant makes a faint attempt to show that the verdict is not sustained by sufficient evidence, by contending there is no evidence to prove that he sold any intoxicating liquor or that he kept such liquor for the purpose of sale. Acting under a search warrant, the officers searched the place where appellant lived and found eleven five-gallon cans of grain alcohol; a gallon glass jug of alcohol in the pantry in the house, one five-gallon jug of alcohol in the barn, a one-gallon jug in the barn, partly full of alcohol. Several witnesses who were present at the time of the search and when the liquor was found, testified that appellant said "he just sold enough to barely get by to make a living"; that he admitted he had diluted the alcohol which was in the five-gallon jug and in the glass jug, and that such liquor was ready for sale. Appellant's admission that he had sold some of the liquor and that some of that which he then had in his possession was ready for sale is sufficient to sustain the verdict of the jury.

Appellant next contends the court erred in admitting, over his objection, the testimony of the witnesses as to facts learned by them while making the search, and the articles of evidence obtained by them in the search and seizure of his property under the search warrant. If appellant made any objection to the validity of the search warrant, or to the introduction of any evidence, such fact is not shown by his brief. In the absence of such a showing, no question is presented as to the admissibility of the evidence. Appellant also contends the court erred in giving, of its own motion, instructions 3, 4, 5, 10 and 12. Number 3 re-

lates to the doctrine of reasonable doubt. In instruction 4, after quoting the statute under which the prosecution was brought (§8356t Burns' Supp. 1921, Acts 1917 p. 17, §20), the court told the jury that that section of the statute was the law of the state and that a person who maintains a place where intoxicating liquor is kept for sale in violation of that section is guilty of a misdemeanor. In instruction 5, the court correctly told the jury what facts, when proved, were, under the statute, *prima facie* evidence that the liquor was kept for sale. By instruction 10, the court instructed the jury that, under the Constitution of this state, it had the right to determine the law, but that it was the duty of the court to instruct the jury as to the law of the case, not for the purpose of binding the consciences of the jurors, but to enlighten their judgment; that in determining the law, the jury should not arbitrarily disregard such instructions, but that, after having given them consideration, *it* had the right to determine the law for itself to be other than as stated in the instructions. In instruction 12, the jury was again told that it was the judge of the law as well as of the facts, but under the law the court determined the competency of the evidence.

We have carefully considered appellant's objections to each of the above instructions, and hold there was no error in the giving of any of them.

No error has been shown in the overruling of the motion for a new trial.

The affidavit under which appellant was tried follows the language of the statute. There was no error in overruling the motion in arrest of judgment.

Judgment affirmed.